```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
MARK GOLDBERG,                     :
                                   :
        Petitioner,                :   Civ. Action No. 16-5535 (NLH)
                                   :
    v.                             :   OPINION
                                   :
WARDEN ORTIZ,                      :
                                   :
        Respondent.                :
_____:

APPEARANCES:

Mark Goldberg
67605-054
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se


HILLMAN, District Judge

     On or about August 15, 2016, Petitioner Mark Goldberg ("Petitioner"), a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") refusal to file a motion on his behalf for a compassionate release/sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 1.) Petitioner

---

[1] The Petition and supplemental documents also include incidents regarding denial of medical treatment and other conditions of

thereafter filed a "Motion for Summary Judgment" and a "Supplement Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." (ECF Nos. 2, 3.) For the reasons stated below, the Petition will be dismissed for lack of jurisdiction.

**I.   BACKGROUND**

On November 4, 2015, Petitioner submitted his initial request for compassionate release to the Warden of Fort Dix, seeking a reduction in sentence so he can obtain custody of his biological child who is currently in foster care. (Pet. 1, 5.) On December 3, 2015, the warden denied his request. (Id.) On March 8, 2016, Petitioner sent a second request for compassionate release to the warden, which was also denied. (Id. at 2.) Petitioner filed an administrative appeal, which was denied by the BOP's Central Office. (Id.) Despite letters from the sentencing judge suggesting that she would support the decision of the BOP to seek compassionate release on behalf of Petitioner, Petitioner's subsequent requests for release have been denied. (Supplemental Pet., ECF No. 3.)

In the instant Petition, Petitioner is requesting that the Court order the BOP to "prepare and file a Motion supporting

---

confinement issues. However, such claims are not cognizable in a habeas petition and must be brought in a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate").

2

[Petitioner's] Compassionate Release/Reduction in Sentence, 18 U.S.C. 3582(c)(1)a with [his] Sentencing Chief Judge Loretta Preska." (Pet. 6.)

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Pursuant to Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review all habeas petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." A district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

### B. Analysis

In the instant Section 2241 Petition, Petitioner is requesting that this Court order the BOP to file a motion for compassionate release on Petitioner's behalf, pursuant to 18 U.S.C. § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A) provides in relevant part that "[t]he court may not modify a term of imprisonment once it has been imposed except that--in any case-- the court, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment…if it finds that-- extraordinary and compelling reasons warrant such a reduction…" (emphasis added).

Based on the statutory language, "courts have generally held that the BOP's decision to file a motion under § 3582(c)(1)(A)(i) or its predecessor is not judicially reviewable . . . [.] The statute plainly vests the decision to pursue relief solely with the BOP." <u>See</u> <u>Fields v. Warden Allenwood USP</u>, No. 17-1045, 2017 WL 1241953, at *1 (3d Cir. Apr. 4, 2017) (per curiam); <u>see also</u> <u>Chu v. Hollingsworth</u>, No. 14-4598, 2014 WL 3730651, at *3 (D.N.J. July 28, 2014)(citing <u>Fernandez v. United States</u>, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); <u>Simmons v. Christensen</u>, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); <u>Turner v. U.S. Parole Comm'n</u>, 810 F.2d 612, 615 (7th Cir. 1987) (same); <u>Crowe v. United States</u>, 430 F. App'x 484, 485

(6th Cir. 2011) ("the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable") (collecting cases); Engle v. United States, 26 F. App'x 394, 397 (6th Cir. 2001) (a district court lacks "jurisdiction to sua sponte grant compassionate release," and "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon motion from the Director of the Bureau of Prisons")).

Here, Petitioner does not challenge the execution of his sentence. Rather, he is challenging the BOP's decision not to file a motion to reduce his sentence on his behalf. However, as outlined above, this Court is without jurisdiction to order the BOP to file such motion. See Fields, 2017 WL 1241953, at *1; Share v. Krueger, 553 F. App'x 207, 209 (3d Cir. 2014) ("[i]ndeed, without a motion from the BOP, the district courts have no authority to reduce a federal inmate's sentence based on special circumstances"). As such, the Court will dismiss the petition.

**III. CONCLUSION**

For the reasons set forth above, the Petition will be DISMISSED. An appropriate Order follows.

Dated: May 23, 2017          s/ Noel L. Hillman  
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.