```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
_____
                              :
MARK GOLDBERG,                :
                              :
          Petitioner,         :    Civ. No. 16-5535 (NLH)
                              :
     v.                       :    OPINION
                              :
WARDEN ORTIZ,                 :
                              :
          Respondent.         :
_____:
```

APPEARANCE:

Mark Goldberg, No. 67605-054
Federal Correctional Institution – Fort Dix
Inmate Mail/Parcels
East:  P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

This matter comes before the Court upon Petitioner's Motions for Reconsideration of this Court's Opinion and Order dismissing his Petition under 28 U.S.C. § 2241. See ECF Nos. 7, 8.[1] For the reasons explained below, the Court will deny reconsideration.

BACKGROUND

Petitioner initially filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' refusal to file a motion on his behalf for a

---

[1] The text of both Motions appear to be the same, although they were filed on separate dates.

compassionate release/sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[2]  See ECF No. 1.  The Court summarily dismissed the Petition by Opinion and Order entered May 24, 2017, because the Court lacks jurisdiction to hear challenges regarding the BOP's decisions pursuant to § 3582(c)(1)(A).  See ECF Nos. 5 (Opinion), 6 (Order).  In so concluding, the Court relied on a recent decision of the Court of Appeals for the Third Circuit, Fields v. Warden Allenwood USP, 684 F. App'x 121 (2017), and also cited case law from the Courts of Appeals for the Sixth, Seventh, Ninth, and Eleventh Circuits.  ECF No. 5 at 4-5.

---

[2] Upon initial review, the circumstances that Petitioner raised in support of his request for compassionate release appear to be compelling.  The Petitioner alleged that he needed and was qualified for a compassionate release because his wife died while he was incarcerated and that he needs release in order to take care of his minor child, who has developmental and physical disabilities and is presently in foster care.  See ECF No. 1 at 5.  Petitioner argued that his parental rights would terminate if he were not released, and that New York Child Services stated that if Petitioner were granted release, Child Services would return custody of the child to Petitioner.  Id.  In a similar request for compassionate release and/or sentence modification, Petitioner's sentencing court, the U.S. District Court for the Southern District of New York issued an Order dated July 5, 2017, denying relief and noting that Petitioner's allegations appear to be misrepresentations and that at least one of his exhibits, a letter from NY Child Services regarding returning custody to Petitioner, was forged.  See United States v. Goldberg, No. 12-cr-864, Order at 2-4 (S.D.N.Y. filed July 5, 2017).  Although the Court would lack jurisdiction under Petitioner's § 2241 Petition in any event, the Court takes judicial notice of the Southern District of New York's Order, which seriously undermines the veracity of the allegations and exhibits contained in the Petition.

2

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute.[3] See D.N.J. Loc. R. 7.1.

DISCUSSION

In his Motion for Reconsideration, Petitioner first argues that the U.S. Sentencing Guidelines, § 1B1.13, permit the Court to consider whether compassionate release should be granted. ECF No. 7 at 1-2. Petitioner's second argument is that the holding in Woodall v. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), would support jurisdiction over his § 2241 claim. Id. at

---

[3] Petitioner does not specify under which Rule of Civil Procedure he seeks reconsideration. His Motion, however, is dated June 30, 2017. See ECF No. 7 at 3. His Motion is thus timely under Local Rule 7.1 absent reference to the application of another rule or statute.

3

2. Neither argument represents an intervening change in the law nor the availability of new evidence.

At best, Petitioner seeks reconsideration based on a clear error of law.  As to his first argument, although the Court has the authority to consider and grant compassionate release, it lacks the authority to move for or sua sponte consider such a request, which, as the Court detailed in its Opinion, lies solely with the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).  As to Petitioner's second argument, the holding in Woodall applies only to a statutorily mandated provision regarding community confinement pursuant to 18 U.S.C. § 3621(b), enacted to prepare a prisoner for re-entry into the community. As such, there is no clear error of law to correct as to either argument, and the Motion must be denied.

CONCLUSION

For the reasons set forth above, the Motion for Reconsideration will be denied.  An appropriate Order follows.


Dated: February 2, 2018            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.